UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CEP MID-CONTINENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0350-CVE-FHM |
| | ) | |
| TURKEY CREEK, L.L.C., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion for Leave to File Amended and Supplemental Pleading (Dkt. # 20). Defendant requests leave to file an amendment and supplement to its Answer and Counterclaim of Defendant (Dkt. # 14) to add a demand for a jury trial. Plaintiff asks this court to deny defendant's motion because defendant has waived its right to a jury trial, and defendant has not provided an excuse for its failure to make a timely demand. Dkt. # 21.

A party waives its right to a jury trial unless it makes a jury demand no later than 10 days after the last pleading creating a jury-triable issue is served. Fed. R. Civ. P. 38(b)(1), (d); Christenson v. Diversified Builders Inc., 331 F.2d 992, 994 (10th Cir. 1964); see also 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2321 ("it is well settled by a considerable array of cases that waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse").

In this case, the last pleading directed to a jury-triable issue was the Answer and Counterclaim of Defendant (Dkt. # 14), filed July 31, 2009. Defendant did not make a demand for a jury trial within 10 days of this pleading, see Docket Report, and thus waived its right to a jury

trial. Fed. R. Civ. P. 38(d). The Court first became aware that defendant desired a jury trial on October 16, 2009, when defendant filed its motion to file an amended pleading (Dkt. # 20). This is over two months after the date on which defendant waived a jury trial.[1]

Defendant cannot reverse its waiver by now amending its answer to add a jury demand. A party cannot revive a previously-waived right to a jury trial by amending its pleadings because the jury trial right attaches to issues, not the pleadings themselves. "Amended and supplemental pleadings do not 'revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'" Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.), 911 F.2d 380, 388 (10th Cir. 1990) (quoting 9 WRIGHT & MILLER, supra, § 2320); see also American Fid. & Cas. Co. v. All Amer. Bus Lines, Inc., 190 F.2d 234, 238 (10th Cir. 1951) (determining that amended complaint which did not add any new or different issues of fact did not revive or create a new right to jury trial). Here, the only amendment defendant seeks to make is to add a request for a jury trial. See Dkt. # 20. The "issues framed by the original pleadings," Kaiser Steel, 911 F.2d at 388, remain the only issues in this case. Defendant has already waived its right to a jury trial on these issues. Therefore, even if the Court granted defendant leave to amend its answer, the proposed amendment would not affect its waiver of a jury trial.

If a jury trial has not been demanded, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. R. 39(b). Defendant has not styled its motion for leave to amend as a Rule 39(b) motion. See Dkt. # 20. However, the affidavit

---

[1] Further, the parties' Joint Status Report (Dkt. # 18), filed on September 20, 2009, states that no jury has been demanded.

attached to defendant's motion states "in addition, the Court should grant Defendant's motion pursuant to FRCP Rule 39(b)."  Dkt. # 20-2, at 1.

A trial court has broad discretion to grant or deny a jury trial under Rule 39(b).  Paramount Pictures Corp. v. Thompson Theaters, Inc., 621 F.2d 1088, 1090.  Although "the court in exercising its discretion under Rule 39(b) . . . 'should grant a jury trial in the absence of strong and compelling reasons to the contrary,'" AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965) (quoting Swofford v. B & W, Inc., 336 F.2d 406 (5th Cir. 1964)), the Tenth Circuit has held a trial court does not abuse its discretion by denying a Rule 39(b) motion where inadvertence caused the movant's failure to make a timely jury demand.[2]  Nissan Motor Corp. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992); see also Carlsen v. Duron, No. 99-4605, 2000 WL 1205822, at *4 (10th Cir. Aug. 24, 2000) (unpublished) (finding that the district court did not abuse its discretion in denying a Rule 39(b) motion where movant "offered no excuse or explanation for his untimely request for a jury trial, nor did he make any attempt to demonstrate that his untimely jury demand was due to anything other than inadvertence or oversight"); Okla. Natural Gas Co. v. LaRue, No. 97-6093, 1998 WL 568231, at *7 (10th Cir. Sept. 1, 2008) (unpublished) ("inadvertence in not making a timely jury demand by the moving party is a proper reason to deny a Rule 39(b) motion").[3]

---

[2] This is consistent with the views of other circuit courts on the subject.  See, e.g., Andrews v. Columbia Gas Transmission Corp.  544 F.3d 618, 632 (6th Cir. 2008); Westchester Day Sch. v. Village of Mamaroneck, 504 F.3d 338, 356-57 (2nd Cir. 2007); Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086-87 (9th Cir. 2002); BCCI Holdings (Luxembourg), S.A. v. Khalil, 214 F.3d 168, 172 (D.C. Cir. 2000); Fredieu v. Rowan Cos., Inc., 738 F.2d 651, 653-54 (5th Cir. 1984).

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1

The only justification defendant has offered for its failure to make a proper jury demand is that it "inadvertently omitted" the demand from its answer. Dkt. # 20-2, at 2. This "mere inadvertence" is not a reason to now order a jury trial. See Nissan, 982 F.2d at 409. Further, defendant stated that no jury trial had been demanded in the September 20, 2009 Joint Status Report (Dkt. # 18). Defendant must have been aware of its mistake by September 20, yet it offers no explanation as to why it did not attempt to correct its mistake then. Defendant's delay on top of its inadvertence reinforces the impropriety of now reversing defendant's waiver. If defendant did intend to make a Rule 39(b) motion, the court declines to exercise its discretion under Rule 39(b) to relieve defendant of its waiver of a jury trial.

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave to File Amended and Supplemental Pleading (Dkt. # 20) is **denied.**

**DATED** this 23rd day of October, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT