## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CEP MID-CONTINENT LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0350-CVE-FHM** |
| | ) | |
| **TURKEY CREEK, L.L.C.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Reconsider Order (Dkt. # 26).  On October

16, 2009, defendant filed a Motion for Leave to File Amended and Supplemental Pleading (Dkt. #

20).  Defendant sought to amend its answer and counterclaim (Dkt. # 14) solely to add a demand for

a jury trial.  Finding that defendant had waived its right to a jury trial and had not provided a reason

for its failure to demand a jury trial other than inadvertence, the Court denied defendant's motion

to file an amended pleading and its Fed. R. Civ. P. 39(b) motion in an Opinion and Order dated

October 23, 2009 (Dkt. # 22).  Defendant now asks the Court to reconsider its October 23, 2009

Order.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'"  Van

Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  The Court treats plaintiff's motion

to reconsider under Fed.R.Civ.P. 54(b), as the underlying opinion and order is not a final order or

judgment.  See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003).

The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter

or amend judgment.[1]  See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v.

Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003).  A motion to reconsider, like a motion

to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening

change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct

clear error or prevent manifest injustice."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012

(10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir.

2000).  The Court will exercise its discretion to review plaintiff's motion under the standards

applicable to Rule 59(e) motions.  A district court does not abuse its discretion if it refuses to

reconsider arguments that have already been considered and rejected.  See Servants, 204 F.3d at

1009; Van Skiver, 952 F.2d at 1243.  Reconsideration is "not available to allow a party to reargue

an issue previously addressed by the court when the reargument merely advances new arguments

or supporting facts which were available for presentation at the time of the original argument."

FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom

Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Defendant argues that the Court made a clear error of law by failing to apply the Fourth

Circuit's standard for a Rule 39(b) motion in this case.  Dkt. # 26, at 1.  Defendant has provided no

reason why the Fourth Circuit standard should apply in this Court, which is in the Tenth Circuit.

The Court fails to see how it could commit clear error by failing to apply inapplicable law.  Further,

defendant makes no argument that the Tenth Circuit's holding in Nissan Motor Corp. v. Burciaga,

982 F.2d 408, 409 (10th Cir. 1992), upon which the Court relied in ruling on defendant's Rule 39(b)

motion, see Dkt. # 22, at 3, is inapplicable.  The Tenth Circuit stated: "we hold today that it would

---

[1]      Defendant's motion uses the Rule 59(e) standard.  Dkt. # 26, at 1.

not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." Id. Defendant, once again, has failed to offer any reason other than mere inadvertence to explain its failure to make a timely jury demand.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Order (Dkt. # 26) is **denied**.

**DATED** this 3rd day of November, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT