UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CEP MID-CONTINENT LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0350-CVE-FHM |
| | ) | |
| **TURKEY CREEK, L.L.C.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Supplement Counterclaim (Dkt. # 34). Defendant Turkey Creek, L.L.C. (Turkey Creek) seeks to amend its answer and counterclaim (Dkt. # 14) to add additional claims for relief.[1] Plaintiff CEP Mid-Continent LLC (CEP) opposes the motion. Dkt. # 35. A court may permit a party to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

CEP filed a declaratory judgment action on June 5, 2009, seeking a determination of the amount of surface damages caused by CEP's drilling of three wells on land owned by Turkey Creek. Dkt. # 2, at 2-3. Turkey Creek filed an answer and counterclaim on July 31, 2009, asserting claims for: a determination of surface damages; a declaratory judgment that CEP has no right to the continued use of certain roadways and that Turkey Creek has no continuing legal obligation to

---

[1]  Although the motion is titled a "motion to supplement," Turkey Creek does not seek to make a supplemental pleading under Fed. R. Civ. P. 15(d), because a supplemental pleading sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Turkey Creek's counsel "has recently been made aware of additional damages," but does not allege that these damages occurred only after July 31, 2009, the date on which the answer and counterclaim was filed. The Court treats defendant's motion as a motion to amend its pleading under Fed. R. Civ. P. 15(a)(2).

permit CEP to operate equipment or vehicles at certain places on Turkey Creek's property; breach of contract; and trespass.[2]  Dkt. # 14.  Turkey Creek now seeks to amend its answer and counterclaim to add claims for: damage and destruction of timber; ejectment; and wrongful damage to real property.  Dkt. # 34-2.  Defendant's counsel "has recently been made aware of [these] additional damages and injur[ies]."  Dkt. # 34, at 1.

CEP argues that the motion to amend is untimely under the scheduling order (Dkt. # 19) in this case.  CEP argues that granting the motion will disrupt upcoming deadlines in the scheduling order and add unnecessary delay and cost to this action.  CEP also argues that Turkey Creek has failed to meet any original deadline in this case.  See Dkt. # 35.

The deadline for amendments to the pleadings in this matter was September 11, 2009.  Dkt. # 19.  The instant motion was filed more than three months out of time.[3]  Turkey Creek has stated no reason why it should be excused from this deadline; Turkey Creek has stated no reason justifying its delay in asserting additional counterclaims.  The discovery cutoff is January 4, 2010.  Id.  The Court finds that allowing Turkey Creek to add new claims at this stage of litigation would substantially disrupt the upcoming deadlines in this case, and would cause undue hardship and delay.  Turkey Creek has provided no reason why justice would be served by permitting amendment in this case.

---

[2]   On October 16, 2009, Turkey Creek filed a motion to amend its answer and counterclaim to include a jury trial demand.  Dkt. # 20.  The Court denied the motion.  Dkt. # 22.

[3]   It was also filed more than two months after Turkey Creek's first untimely attempt to amend its answer and counterclaim.  See Dkt. # 20.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Supplement Counterclaim (Dkt. # 34) is **denied**.

**DATED** this 21st day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT