UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CEP MID-CONTINENT LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 09-CV-0350-CVE-FHM |
| | ) |
| **TURKEY CREEK, L.L.C.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is defendant Turkey Creek, L.L.C.'s (Turkey Creek) Objection of Defendant to Magistrate's Opinion and Order (Dkt. # 45). On December 8, 2009, Turkey Creek filed a motion for extension of expert witness deadlines (Dkt. # 30), which was referred to United States Magistrate Judge Frank H. McCarthy. Magistrate Judge McCarthy issued an Opinion and Order (Dkt. # 37) denying Turkey Creek's motion on December 21, 2009. Turkey Creek filed its objection on January 6, 2010. Dkt. # 45. Turkey Creek argues that Magistrate Judge McCarthy erred by ignoring one of Turkey Creek's reasons for the requested extension and failing to find that Turkey Creek had established good cause to extend the deadline for filing its expert report. Dkt. # 47, at 5-7.

**I.**

Plaintiff CEP Mid-Continent LLC (CEP) filed its complaint (Dkt. # 2) on June 5, 2009. Turkey Creek filed its answer and counterclaim (Dkt. # 14) on July 31, 2009. On October 30, 2009, Magistrate Judge McCarthy granted the parties' joint motion to extend expert witness deadlines (Dkt. # 23) and extended the deadlines from November 2, 2009 to December 1, 2009 for CEP and

from November 10, 2009 to December 9, 2009 for Turkey Creek. Dkt. # 25. CEP timely filed its identification of expert witness and served Turkey Creek with a copy of its expert witness report on December 1, 2009. Dkt. # 29. Turkey Creek filed its motion for extension of expert witness deadlines (Dkt. # 30) on December 8, 2009, seeking an extension of the Court's December 9, 2009 deadline for its report. CEP filed a response (Dkt. # 31) and Turkey Creek filed a reply (Dkt. # 33).

Magistrate Judge McCarthy issued an Opinion and Order (Dkt. # 37) denying Turkey Creek's motion for an extension of time. He acknowledged Turkey Creek's argument that "the expert needs additional time because of the expert's existing workload, complexity of the case, other pre-existing deadlines, time restraints, staff limitations and the past and approaching holidays." Dkt. # 37, at 1. However, Magistrate Judge McCarthy noted that "the information the Defendant's expert needs time to review and analyze is information from the Defendant." Id. He found that Turkey Creek had not provided an explanation as to why this information was not provided to the expert in time for him to complete his report in compliance with the scheduling order. Id. at 1-2. Magistrate Judge McCarthy found that Turkey Creek "has not shown that it has been diligent in complying with the scheduling order and, therefore, has not established good cause to extend the date for its expert report." Id. at 2. Turkey Creek's objection is that this Opinion and Order deprives it of the opportunity to present expert testimony.

## II.

Pursuant to LCvR 37.2, Turkey Creek's motion (Dkt. # 30) was referred to the magistrate judge for resolution. Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ.

P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.

### III.

Turkey Creek argues that Magistrate Judge McCarthy's Opinion and Order should be set aside on three grounds. First, Turkey Creek argues that the Opinion and Order is clearly erroneous because it is unjust, as the "effect of the Order . . . is to deny to [Turkey Creek] the opportunity to utilize expert testimony." Dkt. # 47, at 4. Second, Turkey Creek argues that the Opinion and Order is clearly erroneous because "the Magistrate Judge ignored a salient portion of the Affidavit of [Turkey Creek's expert]," which stated the expert's need "to address the newly received expert report of [CEP]'s expert appraisal witness." Id. at 5-6. Third, Turkey Creek argues that the Opinion and Order is contrary to law because Turkey Creek demonstrated diligence in complying with the scheduling order and, thus, its request should have been granted. The Court will address each of these arguments in turn.

Fed. R. Civ. P. 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." To meet the good cause standard, the movant must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Turkey Creek argues that the Opinion and Order is clearly erroneous because of the effect it would have on its case. Turkey Creek argues that it will be unable to present expert testimony if its request for an extension of time is not granted. Dkt. # 47. This does not demonstrate how the Opinion and Order clearly erroneous or contrary to law, nor does it demonstrate good cause for failure to meet the extended deadline in this case. In fact, Turkey Creek's assertions regarding the

importance of its expert's report cause the Court to wonder why Turkey Creek did not ensure that it would be ready on time. Turkey Creek chose to file an additional request for an extension of time one day before the deadline. Turkey Creek assumed the risk that such a request would not be granted. Magistrate Judge McCarthy's Opinion and Order is not clearly erroneous merely because, due to Turkey Creek's own actions, it has a significant effect on Turkey Creek's ability to present its case.[1]

Turkey Creek argues that the Opinion and Order is clearly erroneous because "the Magistrate Judge ignored a salient portion of the Affidavit of [Turkey Creek's expert]," which stated the expert's need "to address the newly received expert report of [CEP]'s expert appraisal witness." Dkt. # 47, at 5-6. Although Magistrate Judge McCarthy did not specifically address this portion of Turkey Creek's affidavit, his failure to do so does not render the Opinion and Order clearly erroneous. Turkey Creek's expert's need to respond to CEP's expert report is not good cause for extension of the deadline. The original scheduling order in this case stated that Turkey Creek's expert report was due eight days after CEP's expert report. Thus, from the beginning, Turkey Creek was aware the time between CEP's report deadline and its report deadline. Turkey Creek never objected to that time period, and does not now provide a reason why it was inadequate, other than that its expert "could not fully evaluate the totality of [CEP's] expert report in the eight days that

---

[1] Turkey Creek's unsupported contention that CEP's joinder in the prior motion to extend deadlines "virtually precludes it from complaining about the 30-day extension sought by [Turkey Creek]" is without merit. Dkt. # 47, at 4. In its response, CEP noted that granting the requested extension would require an extension of other deadlines in the case, including the discovery cutoff and dispositive motion cutoff. Thus, CEP demonstrated that it would be prejudiced by the granting of Turkey Creek's request.

4

included a weekend." Dkt. # 47, at 6. This does not demonstrate that Magistrate Judge McCarthy's Opinion and Order was clearly erroneous or contrary to law.**[2]**

Finally, Turkey Creek argues that the Opinion and Order is contrary to law because it <u>did</u> demonstrate good cause for its inability to meet the deadline. Magistrate Judge McCarthy found that Turkey Creek "has not shown that it has been diligent in complying with the scheduling order and, therefore, has not established good cause to extend the date for its expert report." Dkt. # 37, at 2. None of the excuses provided or cases cited by Turkey Creek show that Magistrate Judge McCarthy's conclusion was in error. The fact that "the preexisting deadlines and existing work load of its expert witness" caused the delay, Dkt. # 47, at 7, does not demonstrate diligence or good cause on Turkey Creek's part; in fact, it demonstrates the opposite.[3] Further, the expert's need to address Turkey Creek's own discovery responses and counterclaims does not demonstrate diligence; as Magistrate Judge McCarthy noted, Turkey Creek "does not provide any explanation why the information the expert needed was not provided to the expert in time." Dkt. # 37, at 1. This information was under Turkey Creek's control. Finally, the expert's need to respond to CEP's expert report is not a valid excuse, as Turkey Creek was long aware of the turnaround time between CEP's expert report and its own. <u>See</u> <u>supra</u>. Turkey Creek's reasons for its need for an extension are circular; essentially, Turkey Creek argues that it is entitled to an extension because it needs an

---

[2] However, it does demonstrate that Turkey Creek may have misunderstood the nature of an expert's report. <u>See</u> IV <u>infra</u>.

[3] Turkey Creek's assertion that this is a "circumstance beyond its control" is specious at best. Dkt. # 33, at 2. Turkey Creek is responsible for ensuring that its expert can meet relevant deadlines.

extension. Magistrate Judge McCarthy's conclusion that Turkey Creek did not demonstrate good cause for an extension is not clearly erroneous or contrary to law.

## IV.

Pursuant to Fed. R. Civ. P. 16(b)(4) and (f)(1)(C), the Court has discretion to modify a scheduling order. Further, Fed. R. Civ. P. 1 states that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The Court recognizes that Turkey Creek will essentially be deprived of the opportunity to present its case if not allowed to serve an expert report. It appears that some of the delay in this case was caused by Turkey Creek's confusion of an expert's report with a rebuttal. An expert's report must contain the information listed in Fed. R. Civ. P. 26(2)(B), including "a complete statement of all opinions the witness will express and the basis and reasons for them." A rebuttal contradicts or rebuts the information in an expert witness's report. Turkey Creek mistakenly believed that its expert report needed to contain a rebuttal of CEP's expert report.

The Court finds that Turkey Creek's inability to serve an expert report and call its expert would result in substantial injustice, because it would essentially preclude Turkey Creek from presenting its case. Therefore, the Court will exercise its discretion to modify the scheduling order in this case.

**IT IS THEREFORE ORDERED** that Turkey Creek's Objection of Defendant to Magistrate's Opinion and Order (Dkt. # 45) is **denied**.

**IT IS FURTHER ORDERED** that Turkey Creek may serve a true expert report pursuant to Fed. R. Civ. P. 26(a)(2) no later than **January 15, 2010**.  The parties may each serve a short (no longer than ten pages) rebuttal to the other party's expert report no later than **January 29, 2010**.  No additional extensions of time relating to expert reports will be granted.

**DATED** this 11th day of January, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT