## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CEP MID-CONTINENT, LLC, | |
| Plaintiff, | |
| vs. | Case No. 09-CV-350-CVE-FHM |
| TURKEY CREEK, LLC, | |
| Defendant. | |

### OPINION AND ORDER

Defendant's Motion to Stay Scheduling Order and Other Pending Motions [Dkt. 63] is before the undersigned United States Magistrate Judge for decision. A telephone hearing was held on the matter on February 2, 2010.

Defendant seeks an order staying all deadlines in the Scheduling Order, staying depositions set by agreement for February 3, 4, and 5, 2010, and staying consideration of the motions currently pending before the undersigned. Defendant asserts that a stay is justified by the pendency of Defendant's Motion to Dismiss for lack of jurisdiction.

It is within a district court's discretion to issue a stay pending the outcome of a dispositive motion. However, such stays are not routinely granted by this court. *See e.g. Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)(to obtain a stay, the movant must make out a clear case of hardship or inequity in being required to go forward). See also, *Samson Resources Company v. J. Aron & Company*, No. 09-CV-752-TCK-SAJ, 2009 WL 1606564, (N.D. Okla. June 9, 2009); *TSM Associates, LLC. v. Tractor Supply Company*, No. 08-CV-230-THP-FHM, 2008 WL 2404818 (N.D. Okla. June 11, 2008) The undersigned finds that Defendant has not presented good cause for the issuance of a stay.

This case was filed in June, 2009.  The court entered a Scheduling Order which set the discovery cutoff date for January 4, 2010.  On December 30, 2009, the undersigned granted a request to extend the deposition deadline, to January 8, 2010, to enable the completion of witness depositions.  The Order stated the court's intention that the depositions be conducted without requiring any extension of the other deadlines in the case. [Dkt. 41, p. 2].  The discovery deadline has passed.  There is no request before the court to permit depositions outside of the discovery period.  Consequently, there is no occasion to issue a stay of depositions.

Aside from the present motion, there are three additional motions pending before the undersigned in this case.  Two of those motions have been fully briefed.  Defendant has not demonstrated that filing a response to the remaining motion would be particularly costly or unduly burdensome.  Moreover the undersigned notes that the unbriefed motion is related to the other motions.  Consideration of the motions together would foster efficiency.

Further, the undersigned finds that imposition of a stay at this stage of the proceedings would not serve the purpose of securing a just, speedy, and inexpensive determination of this action.  Fed. R. Civ. P. 1.  A ruling favorable to Defendant on the pending motion to dismiss will not necessarily end the dispute between the parties.  There are additional potential bases for jurisdiction in this court, or in state court.  Further, if Defendant's motion is denied, the case will have to be rescheduled.  The undersigned finds that adherence to the remaining deadlines in the Scheduling Order will move the dispute toward a resolution in keeping with the mandate of Fed. R. Civ. P. 1.

Defendant's Motion to Stay Scheduling Order and Other Pending Motions [Dkt. 63] is DENIED.

SO ORDERED this 2nd day of February, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE