## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CEP MID-CONTINENT, LLC,

                  Plaintiff,

vs.

           Case No. 09-CV-350-CVE-FHM

TURKEY CREEK, LLC,

                  Defendant.

## OPINION AND ORDER

Plaintiff's Motion to Compel [Dkt. 42] and Plaintiff's Motion for Sanctions [Dkt. 43] are before the undersigned United States Magistrate Judge for decision.  The motions have been fully briefed and are at issue.

## Motion to Compel

Plaintiff asserts that Defendant responded to Plaintiff's discovery requests incompletely and beyond the allotted time period that had been extended by agreement. Plaintiff seeks an order compelling Plaintiff to provide answers fully responsive to the discovery requests and an order awarding Plaintiff the costs, including attorney fees, incurred in bringing the motion to compel.

Defendant responds that on January 14, 2010, it supplemented its production of documents with a cd which "resulted in Plaintiff having received a full duplicate copy of each document in the possession of Defendant and its members consisting of 889 pages of material." [Dkt. 56, p. 3].  Defendant states it has "produced every document within the possession of its members or its permitted appraisal expert that is in any manner responsive to the discovery requests of Plaintiff."  *Id.*  "Defendant is at a loss as to what

additional documents could reasonably be required to be produced as may pertain to its claims for surface damages, breach of contract and trespass . . . ."  *Id.*

In its Reply Brief, Plaintiff points out that Defendant supplemented its production of documents, two weeks after the motion to compel was filed.  In addition, Plaintiff states that Defendant has not supplemented its Responses to Interrogatory Nos. 3, 10, 11, 13, and 14, or Request for Production of Document Nos. 13, 14, 15, 16, 20, 28, and 29.  Nor did Defendant address those discovery requests in its Response Brief.[1]

Aside from making a broad relevancy objection, Defendant did not object to the discovery requests listed above and did not address those requests in its brief.  The court finds that these discovery requests are not objectionable on their face.  There is, therefore, no basis upon which to deny the  motion to compel.  Plaintiff's Motion to Compel is GRANTED as to Interrogatory Nos. 3, 10, 11, 13, 14, and Request for Production of Documents Nos. 13, 14, 15, 16, 20, 28, and 29.   Counsel are directed to confer as to whether any of these discovery requests are rendered moot by the decision on the motion for sanctions, and Defendant is required to provide supplementation of its responses to these discovery requests on or before the 26th day of February, 2010.

Fed. R. Civ. P. 37(a)(5)(A) and (C) provide that if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, or if the motion is granted in part and denied in part, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses

---

[1]   Defendant did object to the relevancy of the information requested in Request for Production of Documents Nos. 28 and 29.  Those objections are overruled.  Fed. R. Civ. P. 26(b)(1).

incurred in making the motion, including attorney's fees, unless circumstances exist which would make such an order unjust.

Defendant has been provided an opportunity to be heard on the question of whether an award of fees is appropriate by way of its brief opposing the motion to compel. Defendant provided discovery after the motion to compel was filed. The motion to compel is being granted as to those discovery requests Defendant either did not supplement, or address in its response brief. The attachments submitted demonstrate that Plaintiff made a sincere attempt to resolve the discovery matters without resorting to court action.

By letter dated November 10, 2009, Plaintiff advised Defendant that its Rule 26 initial disclosures did not include information to support Defendant's damage claim for $409,494 for breach of contract or the damages sought for trespass. [Dkt. 43-4]. In that letter, Defendant was asked to supplement its initial disclosures to include that information. On November 13, 2009, by letter, Plaintiff requested Defendant to supplement its discovery responses by providing specific information. Defendant made no response to either letter. By letter dated December 16, 2009, Plaintiff again requested information about Defendant's contract and trespass damage claims. Plaintiff also reiterated its request for supplementation of Defendant's discovery response. Defendant did not respond until December 22, when counsel advised the discovery would be supplemented on December 24. [Dkt. 42-6, 42-7, 42-8]. The discovery was eventually partially supplemented, although not when it was promised, but Defendant did not supplement its initial disclosures. Further, Defendant did not advise Plaintiff that there was no additional evidence available to support the damage claim until January 21, 2010, when Defendant filed its briefs responding to Plaintiff's motion to compel and motion for sanctions. [Dkt. 55, 56].

3

The court finds it troubling that Defendant ignored Plaintiff's requests for information. Defendant's inaction caused Plaintiff to incur legal expenses that would have been unnecessary had Defendant promptly responded to Plaintiff's reasonable requests. In fact, Defendant did not make it clear until it filed its response brief that the only damage evidence available is the same evidence Defendant offered in the arbitration proceeding. In view of these factors, the court finds that an award of Plaintiff's reasonable expenses, including attorney fees, incurred in making the instant motion is warranted. Despite having the opportunity to do so, Defendant has not identified any circumstance that would make an award of such expenses unjust.

Counsel are directed to personally confer and attempt to agree on the amount of expenses, including attorney fees to be awarded. If agreement is not reached, on or before March 15, 2010, Plaintiff shall file an itemization of reasonable fees and costs related to their Motion to Compel [Dkt. 42].[2] If the parties are unable to agree on a reasonable hourly rate, Plaintiff shall file affidavits to support the rate requested. Defendant will have the

---

[2] The number of hours requested must be proven "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983). Further, since not all hours expended in litigation are normally billed to a client, the application for a fee award should reflect the exercise of "billing judgment" with respect to the number of hours claimed, excluding from the fee request hours that are redundant, excessive, or otherwise unnecessary. *Malloy*, 73 F.3d at 1018; *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998). In addition, the hourly attorney rate must be reasonable.

   In the Tenth Circuit, "[a] reasonable rate is the prevailing market rate in the relevant community." *Malloy,* 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1084)). However, the relevant market value is not necessarily the price a party's lawyer charged to prosecute the case, but "the price that is customarily paid in the community for services like those involved in the case at hand." *Beard v. Teska*, 31 F.3d 942, 956 (10th Cir. 1994). The party seeking a fee bears the burden of showing that the requested rates are in line with those prevailing in the Tulsa community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Ellis*, 163 F.3d 1203 (citing *Malloy*, 73 F.3d at 1018).

usual 21 days provided by LCvR 7.2(e) in which to respond to any filing by Plaintiff regarding the amount of the fee award.

## Motion for Sanctions

Plaintiff seeks an order, pursuant to Fed. R. Civ. P. 37(c)(1), to preclude Defendant from offering any evidence of damages other than the evidence disclosed in Defendant's initial disclosures.  In its response brief, Defendant has represented that, upon review of the documents and the disclosure previously provided to counsel, it has nothing more to disclose concerning its claims for breach of contract and trespass. [Dkt. 55, p. 3].  Rule 37(c)(1) precludes a party from using information it failed to produce.  An order under that rule is not appropriate because Defendant represents that is has produced all of the information it intends to use.  However, since Defendant has previously told Plaintiff there was additional information, Plaintiff is entitled to an order which clearly limits Defendant's damage evidence to only the information that has been already provided.

Therefore, while Plaintiff's Motion for Sanctions [Dkt. 43] is DENIED, the undersigned hereby orders that Defendant's damage evidence is limited to that which was provided in its initial disclosures, and which the parties have represented is the same evidence introduced in connection with the arbitration of Defendant's claim for damages under the Osage Reservation Act.

## CONCLUSION

Plaintiff's Motion to Compel [Dkt. 42] is GRANTED in part and DENIED in part. Plaintiff is granted its reasonable costs, including attorney fees, incurred in bringing the motion to compel.  With respect to the cost order, the parties are to proceed as specified herein.

Plaintiff's Motion for Sanctions [Dkt. 43] is DENIED.  The following Order is entered:
Defendant's damage evidence is limited to that which was provided in its initial disclosures,
and which the parties have represented is the same evidence introduced in connection with
the arbitration of Defendant's claim for damages under the Osage Reservation Act.

SO ORDERED this 11th day of February, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6